## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| **RAYMOND SCHAFFER** | : | |
| 1 Sussex Place | : | |
| Galloway, NJ 08205 | : | |
| | : | |
| And | : | Civil Complaint No. |
| | : | |
| **SCHAFFER ENTERPRISES, LLC** | : | |
| 1 Sussex Place | : | |
| Galloway, NJ 08205 | : | |
| | : | |
| And | : | |
| | : | |
| **ROODLY AIME** | : | |
| 305 Meadows Drive | : | |
| Galloway, NJ 08205 | : | |
| | : | |
| And | : | |
| | : | |
| **AIME ENTERPRISES, LLC** | : | |
| 305 Meadows Drive | : | |
| Galloway, NJ 08205 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **GREG PARKER d/b/a** | : | **JURY TRIAL OF TWELVE (12)** |
| **G PARKER UNLIMTED, LLC a/d/b/a** | : | **JURORS DEMANDED** |
| **PARKER PROPERTIES** | : | |
| **UNLIMTED, LLC a/d/b/a PARKER** | : | |
| **UNLIMTED PROPERTIES LLC** | : | |
| **a/d/b/a REHAB QUEEN OHIO, LLC** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **DANIELLE MORRIS PARKER d/b/a** | : | |
| **G PARKER UNLIMTED, LLC a/d/b/a** | : | |
| **PARKER PROPERTIES** | : | |
| **UNLIMTED, LLC a/d/b/a PARKER** | : | |
| **UNLIMTED PROPERTIES LLC** | : | |
| **a/d/b/a REHAB QUEEN OHIO, LLC** | : | |

3020 Redner Street                       :
Philadelphia, PA 19121           :
                                    :
     And                           :
                                    :

**G PARKER UNLIMITED, LLC**   :
3020 Redner Street              :
Philadelphia, PA 19121         :
                                    :
     And                           :
                                    :

**PARKER PROPERTIES**      :
**UNLIMITED, LLC**          :
3020 Redner Street              :
Philadelphia, PA 19121         :
                                    :
     And                           :
                                    :

**PARKER UNLIMITED**       :
**PROPERTIES, LLC**        :
3020 Redner Street              :
Philadelphia, PA 19121         :
                                    :
     And                           :
                                    :

**MAYBACH CONSTRUCTION LLC** :
3020 Redner Street             :
Philadelphia, PA 19121         :
                                    :
     And                           :
                                    :

**REHAB QUEEN OHIO, LLC**   :
5466 Broadway Avenue         :
Cleveland, OH 44127            :
                                    :
     And                           :
                                    :

**JOHN DOES 1-10**,            :
                                  :
          Defendants.       :

---

## <u>CIVIL ACTION COMPLAINT</u>

**I.**    **INTRODUCTION**

1.      Plaintiffs, Raymond Schaffer, Schaffer Enterprises, LLC, Roodly Aime, and Aime Enterprises, LLC bring this action against Defendants, Greg Parker and Danielle Morris Parker, as well as certain business that Defendants control, that operate as a unified corrupt organization under the Racketeer Influenced and Corrupt Organizations Act in a simple fraud scheme.

2.      The RICO Enterprise marketed itself to budding investors seeking to make a start in real estate investing through various group and individual seminars in the Greater Philadelphia area. The RICO Enterprise used Defendant, Greg Parker's perceived status as a "real estate mogul" in a you-can-do-it-too educational scheme, that was in fact a front used to induce students into purchasing real estate properties from the RICO Enterprise.

3.      However, in reality, the RICO Enterprise, after gaining the trust of its students, accepted sums of financed money for down payment on properties that either were non-existent or the RICO Enterprise were not authorized to sell.

4.      It is believed and therefore averred that the RICO Enterprise continues to solicit victims through its group and individual seminars for the purpose of gaining those victims' trust in order to continue its simple fraud scheme.

5.      Plaintiffs now bring the RICO claim, as well as a number of state law claims, for the fraudulent and deceptive conduct of the RICO Enterprise.

**II.     JURISDICTION & VENUE**

6.      Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate

commerce in connection with the transactions, acts, practices and courses of business alleged herein.

8.      This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District as (i) one or more defendants reside within this District; and (ii) one or more of the transactions, acts, practices and courses of business alleged herein occurred within this District.

10.     All Defendants performed substantial business within this District, as described herein, thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

**III.    PARTIES**

11.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

12.     Plaintiff, Raymond Schaffer, is an adult individual currently residing at the above-captioned address.

13.     Plaintiff, Schaffer Enterprises LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address. At all material times, Plaintiff, Raymond Schaffer was the sole owner-operator of Plaintiff, Schaffer Enterprises LLC.

14.     Plaintiff, Roodly Aime, is an adult individual currently residing at the above-captioned address.

15.     Plaintiff, Aime Enterprises LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address. At all material times, Plaintiff, Roodly Aime was the sole owner-operator of Plaintiff, Aime Enterprises LLC.

4

16.     Defendant, Greg Parker doing business as G Parker Unlimited LLC also doing business as Parker Properties Unlimited, LLC also doing business as Parker Unlimited Properties, LLC also doing business as Rehab Queen Ohio, LLC ("Greg Parker"), is an adult individual currently residing at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker directs and controls the RICO Enterprise.

17.     Defendant, Danielle Morris Parker doing business as G Parker Unlimited LLC also doing Parker Properties Unlimited, LLC also doing business as Parker Unlimited Properties, LLC also doing business as Rehab Queen Ohio, LLC ("Danielle Parker"), is an adult individual currently residing at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Danielle Parker is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

18.     Defendant, G Parker Unlimited LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, G Parker Unlimited LLC.

19.     Defendant, Parker Properties Unlimited, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, Parker Properties Unlimited, LLC.

20.     Defendant, Parker Unlimited Properties, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary

place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, Parker Unlimited Properties, LLC.

21.     Defendant, Maybach Construction LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, Maybach Construction LLC.

22.     Defendant, Rehab Queen Ohio, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Ohio, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Danielle Morris Parker is the owner-operator of Defendant, Rehab Queen Ohio, LLC.

23.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

24.     The term "RICO Enterprise" herein refers collectively to Defendants, Greg Parker, Danielle Parker, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Maybach Construction LLC, Rehab Queen Ohio, LLC, and John Does 1-10.

**IV.    OPERATIVE FACTS**

25.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

26.    Defendant, Greg Parker holds himself out to the public as a "real estate mogul" who has the ability to transform individuals through group and individual real estate seminars into successful real estate investors.

27.    Defendant, Greg Parker hosts fee-based, group seminars on real estate investing through which Defendant, Greg Parker identifies individuals for one-on-one classes and investment schemes.

28.    Defendant, Greg Parker has been a guest lecturer at Temple University, as well as seminars hosted by third-parties, concerning real estate investing. Defendant, Greg Parker was also featured in an article by Black Enterprise[1] and has been a guest on podcasts.

**A.    RAYMOND SCHAFFER & SCHAFFER ENTERPRISES LLC**

29.    In or around Fall 2018, Plaintiff, Raymond Schaffer met Defendant, Greg Parker at a fee-based, group seminar on real estate investing for which Plaintiff paid approximately three hundred dollars ($300) to attend

30.    Based on Defendant, Greg Parker's presentation at the group seminar, Plaintiff, Raymond Schaffer believed Defendant, Greg Parker could teach Plaintiff how to successfully invest in real estate.

31.    As such, Plaintiff, Raymond Schaffer enrolled in a one-on-one program with Defendant, G. Parker Unlimited, LLC for an initial fee of $3,500 (the "Program").

---

[1]    *[Passion to Purpose] Meet Real Estate Investor and Community Builder Greg Parker.* Daron Pressley, November 12, 2016. Black Enterprise Website, accessed on April 13, 2021, at https://www.blackenterprise.com/meet-real-estate-investor-greg-parker/.

32.     The Program provided one-on-one access to Defendant, Greg Parker and provided

Plaintiff, Raymond Schaffer with the exclusive opportunity to purchase an investment property

with financing through Defendant, Parker Properties Unlimited, LLC.

33.     Defendant, Greg Parker represented to Plaintiff, Raymond Schaffer that Defendant,

Parker Properties Unlimited, LLC approved Plaintiff for a $30,000 loan for the purchase of a

property from Defendant, Greg Parker's exclusive list; but that Plaintiff, Raymond Schaffer

would have to provide the initial $20,000 down payment.

34.     Defendant, Greg Parker encouraged Plaintiff, Raymond Schaffer to apply for "lines of

credit" from credit card companies in order to obtain the down payment for the purchase of a

property from Defendant, Greg Parker's exclusive list.

35.     Depending upon Defendant, Greg Parker's "expert" advice, Plaintiff, Raymond Schaffer

applied for and obtain credit cards, with credit totaling $20,000.

36.     In or around February 2019, Plaintiff, Raymond Schaffer agreed to purchase a rental

property from Defendant, Parker Properties Unlimited, LLC located at and known as 14618

Strathmore Ave., East Cleveland, Ohio 44112 (the "Property").

37.     Plaintiff, Raymond Schaffer and Defendant, Greg Parker agreed that Plaintiff would use

the $20,000 "lines of credit" for the purchase of the Property and Defendant, Parker Properties

Unlimited, LLC would provide $30,000 in financing for the rehabilitation of the Property.

38.     Plaintiff, Raymond Schaffer created Plaintiff, Schaffer Enterprises, LLC at Defendant,

Greg Parker's direction.

39.     On or about February 23, 2019, Plaintiff, Raymond Schaffer – through Plaintiff, Schaffer

Enterprises LLC - entered into a "Purchase and Sale Agreement" with Defendant, Parker

Properties Unlimited, LLC for the purchase of the Property. *See* Exhibit A ("Purchase and Sale Agreement").

40.     However, the Purchase and Sale Agreement lists the total purchase price of the Property as $50,000, with the following notation:

> BUYER WILL PAY DOWN PAYMENT OF $20,000 VIA WIRE TRANSFER AND SELLER WILL FINANCE THE REMAINING $30,000[.] A MORTGAGE AND NTOE WILL FOLLOW.

*See* Exhibit A, Page 1.

41.     Defendant, Parker Properties Unlimited, LLC drafted the Purchase and Sale Agreement and fraudulently and/or corruptly failed to notate that the additional $30,000 payment was for Defendant, Parker Properties Unlimited, LLC's rehabilitation of the Property. *See* Exhibit A.

42.     On or about February 23, 2019, Plaintiff, Raymond Schaffer incurred charges totaling $20,000, which were paid to Defendant, Parker Properties Unlimited, LLC as a down payment for the purchase of a property from Defendant, Greg Parker's exclusive list. Plaintiff, Raymond Schaffer also paid Defendant, Parker Properties Unlimited, LLC an additional sum of approximately $600 to cover the three percent (3%) credit cards, transaction fees.

43.     However, Plaintiff, Raymond Schaffer never received: (i) the mortgage and note; (ii) the deed to the Property; or, (iii) proof that Plaintiff, Raymond Schaffer was the owner of the Property.

44.     In or around April 2019, Defendant, Greg Parker convinced Plaintiff, Raymond Schaffer that in order to maximize his profits, Plaintiff should purchase a second property from Defendant, Greg Parker's exclusive list.

45.     As a result, in or around April 2019, Plaintiff, Raymond Schaffer agreed to purchase a second property through Defendant, Greg Parker.

9

46.     Depending upon Defendant, Greg Parker's "expert" advice, Plaintiff, Raymond Schaffer applied for and obtained credit cards, with additional credit totaling $20,000.

47.     In or around May 2019, Plaintiff, Raymond Schaffer incurred charges totaling $20,000, which were paid to Defendant, Parker Properties Unlimited, LLC as a down payment for the purchase of a second property from Defendant, Greg Parker's exclusive list. Plaintiff, Raymond Schaffer also paid Defendant, Parker Properties Unlimited, LLC an additional sum of approximately $600 to cover the three percent (3%) credit cards, transaction fees.

48.     However, Defendants did not provide Plaintiff, Raymond Schaffer with any documents concerning the second property or even an address.

49.     After repeated questioning of Defendants, Greg Parker and Danielle Morris Parker, in or around July 2019, Defendants eventually informed Plaintiff, Raymond Schaffer that he had not purchased a second property - *yet*; instead, Defendants, Greg Parker and Danielle Morris Parker were searching for the perfect property to sell to Plaintiff.

50.     Plaintiff, Raymond Schaffer then requested Defendants return the second $20,000 payment to him; which Defendants agreed to do. However, Defendants failed to return the second $20,000 payment to Plaintiff.

51.     In or around 2020, Plaintiff, Raymond Schaffer contacted his credit card companies concerning the April 2019 payments in order to dispute the charges as Plaintiff.

52.     In or around September 2019, Plaintiff received a refund from his credit card companies in the amount of approximately $15,700.

53.     Additionally, in or around July 2019, Plaintiff, Raymond Schaffer informed Defendant, Greg Parker that Plaintiff wanted to sell the Property.

54.     Defendant, Greg Parker represented to Plaintiff that the Property could be sold then, without the rehabilitation being performed, for $40,000, which would provide Plaintiff with a $20,000 profit.

55.     As a result, on or about July 21, 2019, Plaintiff, Raymond Schaffer – on behalf of Plaintiff, Schaffer Enterprises LLC - entered into an "Agreement" with Defendant, Rehab Queen Ohio LLC in which Plaintiff, Raymond Schaffer authorized Defendant, Rehab Queen Ohio LLC to sell the Property. *See* Exhibit B ("Agreement")[2].

56.     The Agreement states that "Upon sale of said property[,] Schaffer Enterprises LLC will receive a total of $40,000[.] *Initial down payment of $20,000.00 and total profit earned of $20,000.00". *See* Exhibit B.

57.     However, to date, Defendants have failed to pay Plaintiff, Raymond Schaffer *any* funds from the sale of the Property.

58.     Plaintiff, Raymond Schaffer contacted Defendants, Greg Parker and/or Danielle Morris Parker numerous times after July 2019; on each occasion, Defendants, Greg Parker and/or Danielle Morris Parker would represent that the funds were just around the corner and would be sent to Plaintiff shortly.

59.     However, upon review of the Cuyahoga County, Ohio records, Plaintiff, Raymond Schaffer discovered that:

  a. At the time Defendant, Parker Properties Unlimited, LLC entered into the
   Purchase and Sale Agreement, Defendant, Parker Properties Unlimited, LLC was
   not the owner of the Property (upon information and belief, Defendant, Parker

---

[2]     Plaintiffs do not possess the fully-executed Agreement. Upon information and belief, Defendants possess a true and correct copy of the fully-executed Agreement, which reflects the same terms as Exhibit B.

        Properties Unlimited, LLC did not have the authority to sale the Property at the time it entered into the Purchase and Sale Agreement);

    b.  At the time Defendant, Parker Properties Unlimited, LLC entered into the Purchase and Sale Agreement, the record owner was Non-Party, Mary Russel;

    c.  Defendant, Rehab Queen Ohio, LLC purchased the Property from Non-Party, Mary Russel on or about May 23, 2019 for a purchase price of $18,500;

    d.  Defendant, Rehab Queen Ohio, LLC sold the Property to Non-Party, Honor Worldside, LLC on or about September 4, 2020 for a sales price of $20,000.

60.     As a result of the foregoing, Plaintiff, Raymond Schaffer and Schaffer Enterprises, LLC have suffered significant financial harm, including the loss of the funds, incurred significant credit card interest, and lost profits; and damage to Plaintiff, Raymond Schaffer's credit rating, as well as the emotional distress caused thereby.

    **B.**     **ROODLY AIME**

61.     In or around 2019, Plaintiff, Roodly Aime met Defendant, Greg Parker at a fee-based, group seminar on real estate investing for which Plaintiff paid approximately three hundred dollars ($300) to attend.

62.     Based on Defendant, Greg Parker's presentation at the group seminar, Plaintiff, Roodly Aime believed Defendant, Greg Parker could teach Plaintiff how to successfully invest in real estate.

63.     As such, in July 2019, Plaintiff, Roodly Aime enrolled in a one-on-one Program with Defendant, G. Parker Unlimited, LLC for an initial fee of $3,060.79.

64.    The Program provided one-on-one access to Defendant, Greg Parker and provided

Plaintiff, Roodly Aime with the exclusive opportunity to purchase an investment property from

Defendant, Parker Properties Unlimited, LLC.

65.    Defendant, Greg Parker represented to Plaintiff, Roodly Aime that Defendant, Parker

Properties Unlimited, LLC would finance the cost to purchase the Property, but that Plaintiff,

Roodly Aime needed to obtain the funds for the down payment first.

66.    Defendant, Greg Parker encouraged Plaintiff, Roodly Aime to apply for "lines of credit"

from credit card companies in order to obtain the down payment for the purchase of a property

from  Defendant, Greg Parker's exclusive list.

67.    Depending upon Defendant, Greg Parker's "expert" advice, Plaintiff, Roodly Aime

applied for and obtain credit cards from Discover and City Bank, with credit totaling $13,100.

68.    Plaintiff, Roodly Aime created Plaintiff, Aime Enterprises, LLC at Defendant, Greg

Parker's direction.

69.    Defendant, Greg Parker represented to Plaintiff, Roodly Aime that Defendant, Greg

Parker would select a property from his exclusive list and send Plaintiff, Roodly Aime the deed,

as well as a mortgage and note for the remaining purchase price of the property, in the name of

Plaintiff, Aime Enterprises, LLC.

70.    On or about September 24, 2019, Plaintiff, Roodly Aime incurred charges totaling

$13,100, which were paid to Defendant, Maybach Construction LLC as a down payment for the

purchase of a property from Defendant, Greg Parker's exclusive list. Plaintiff, Roodly Aime also

paid Defendant, Greg Parker an additional sum of approximately $390 to cover the three percent

(3%) credit cards, transaction fees.

71.     However, Defendant, Greg Parker stopped communicating with Plaintiff, Roodly Aime shortly thereafter.

72.     Instead, Defendant, Danielle Morris Parker communicated on behalf of Defendants with Plaintiff, Roodly Aime. From approximately September 2019 through approximately April 2020, Defendant, Danielle Morris Parker consistently told Plaintiff, Roodly Aime that Defendants were in the process of selecting the "right" property for Plaintiff, Roodly Aime and that he should be patient.

73.     Meanwhile, Plaintiff, Roodly Aime continued to incur substantial interest charges while waiting for Defendants to "select" the "right" property for Plaintiff, Roodly Aime.

74.     In or around April 2020, Plaintiff, Roodly Aime communicated to Defendant, Danielle Morris Parker a request for the return of his funds.

75.     In response, Defendant, Greg Parker has consistently communicated since in or around April 2020, that Defendants would return Plaintiff, Roodly Aime's $13,100. However, to date, Defendants have failed to return the $13,100 payment to Plaintiff, Roodly Aime.

76.     As a result of the foregoing, Plaintiff, Roodly Aime has suffered significant financial harm, including the loss of the funds, incurred significant credit card interest, and lost profits; and damage to Plaintiff's credit rating, as well as the emotional distress caused thereby.

## V.   CAUSES OF ACTION

### <u>COUNT I</u>

**Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")**
*Plaintiffs v. Defendants, Greg Parker, Danielle Parker, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Maybach Construction LLC, Rehab Queen Ohio, LLC, and John Does 1-10*

77.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein. Plaintiff also incorporates Paragraphs 89-124 as if set forth at length herein.

78.    Plaintiffs, Raymond Schaffer, Schaffer Enterprises LLC, and Roodly Aime are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

79.    Defendants, Greg Parker, Danielle Parker, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Maybach Construction LLC, Rehab Queen Ohio, LLC, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

80.    Defendants, Defendants, Greg Parker, Danielle Parker, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Maybach Construction LLC, Rehab Queen Ohio, LLC, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

81.    Defendants, Defendants, Greg Parker, Danielle Parker, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Maybach Construction LLC, Rehab Queen Ohio, LLC, and John Does 1-10 acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiffs, through a simple fraud scheme.

82.    Defendants, Defendants, Greg Parker, Danielle Parker, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Maybach Construction LLC,

Rehab Queen Ohio, LLC, and John Does 1-10 formed an enterprise and association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

83.     The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing and continuous, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

84.     It is believed and therefore averred that the RICO Enterprise's actions, as described herein, are acts that are part of the RICO Enterprise's regular way of doing business. It is believed and therefore averred that the RICO Enterprise continues to solicit victims through its group and individual seminars for the purpose of gaining those victims' trust in order to continue its simple fraud scheme in the same fashion as described herein.

85.     The RICO Enterprise engaged in a pattern of indictable conduct, including conduct indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud), 18 U.S.C. 1952 (relating to racketeering), 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity) in that the RICO Enterprise made use of the facilities of interstate commerce in furtherance of simple fraud scheme, including, but not limited to, Plaintiffs herein. It is believed and therefore averred that the RICO Enterprise has committed similar fraud upon other conference attendees, which is believed to be ongoing.

86.     The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Ohio, the State of New Jersey, and the Commonwealth of Pennsylvania.

87.     As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

88.     Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

**COUNT II**
**Fraud**
*Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC  v. Defendants, Greg Parker,*
*Parker Properties Unlimited, LLC, and John Does 1-10*

89.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

90.     Defendant, Greg Parker, acting in conjunction with Defendant, Parker Properties Unlimited, LLC, represented to Plaintiff, Raymond Schaffer that Defendant, Parker Properties Unlimited, LLC would lawfully sell the Property to Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC.

91.     However, at the time of the representation and subsequent transaction, Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC did not have ownership of the Property or authority to sell the Property.

92.     Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC reasonably and justifiably relied on the foregoing representation that Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC would lawfully sell the Property to Plaintiff, Raymond Schaffer.

93.     Plaintiff, Schaffer did not have any notice prior to and/or at the time of the transaction that Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC did not have ownership of the Property or authority to sell the Property.

94.     At all material times, Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC lack of ownership of the Property and lack of authority to sell the Property were material facts to the transaction.

95.     As a result of the foregoing, Plaintiff, Raymond Schaffer and Schaffer Enterprises, LLC have suffered significant financial harm, including the loss of the funds, incurred significant credit card interest, and lost profits; and damage to Plaintiff, Raymond Schaffer's credit rating, as well the emotional distress caused thereby.

**COUNT III**
**Fraud**
*Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC  v. Defendants, Greg Parker,*
*Parker Properties Unlimited, LLC, and John Does 1-10*

96.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

97.     Defendant, Greg Parker, acting in conjunction with Defendant, Parker Properties Unlimited, LLC, represented to Plaintiff, Raymond Schaffer that Defendant, Parker Properties Unlimited, LLC would lawfully sell a second property to Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC.

98.     However, at the time of the representation and subsequent transaction, Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC did not intend to transfer any property to Plaintiffs.

99.     At the time of the representation and subsequent transaction, Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC did not possess ownership of a second property or authority to sell a second property to Plaintiffs.

100.    Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC reasonably and justifiably relied on the foregoing representation that Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC would lawfully sell a second property to Plaintiffs.

101.    Plaintiff, Schaffer did not have any notice prior to and/or at the time of the payment that Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC did not have ownership of a second property or authority to sell a second property.

102.    At all material times, Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC lack of ownership of a second property and lack of authority to sell a second property were material facts to the transaction.

103.    As a result of the foregoing, Plaintiff, Raymond Schaffer and Schaffer Enterprises, LLC have suffered significant financial harm, including the loss of the funds, incurred significant credit card interest, and lost profits; and damage to Plaintiff, Raymond Schaffer's credit rating, as well the emotional distress caused thereby.

## COUNT IV
### Breach of Contract
*Plaintiff, Schaffer Enterprises LLC v. Defendant, Parker Properties Unlimited, LLC*

104.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

105.    On or about February 23, 2019, Plaintiff, Schaffer Enterprises LLC entered into a "Purchase and Sale Agreement" with Defendant, Parker Properties Unlimited, LLC for the purchase of the Property. *See* Exhibit A ("Purchase and Sale Agreement").

106.    Plaintiff, Schaffer Enterprises LLC through Plaintiff, Raymond Schaffer paid Defendant, Parker Properties Unlimited, LLC the down payment of $20,000 for the purchase of the Property, with the remainder to be financed by Defendant, Parker Properties Unlimited, LLC.

107.    Defendant, Parker Properties Unlimited, LLC breached the contract by failing to transfer the Property to Plaintiff.

108.    Defendant, Parker Properties Unlimited, LLC breached the contract by failing to have ownership of the Property and/or authority to sell the Property to Plaintiff.

## COUNT V
### Unjust Enrichment
*Plaintiffs, Schaffer & Schaffer Enterprises LLC v. All Defendants*

109.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

110.     Under the circumstances, it would be unjust for Defendants to retain the consideration

Plaintiffs paid to Defendants, for which Defendants knowingly retained under false pretenses.

## COUNT VI
### Breach of Contract
*Plaintiffs, Raymond Schaffer & Schaffer Enterprises, LLC  v. Defendant, Rehab Queen Ohio LLC*

111.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

112.     On or about July 21, 2019, Plaintiff, Raymond Schaffer – on behalf of Plaintiff, Schaffer

Enterprises LLC - entered into an "Agreement" with Defendant, Rehab Queen Ohio LLC in

which Plaintiff, Raymond Schaffer authorized Defendant, Rehab Queen Ohio LLC to sell the

Property. *See* Exhibit B ("Agreement")[3].

113.     The Agreement states that "Upon sale of said property[,] Schaffer Enterprises LLC will

receive a total of <u>$40,000</u>[.] *Initial down payment of $20,000.00 and total profit earned of

$20,000.00". *See* Exhibit B.

114.     On or about September 4, 2020, Defendant, Rehab Queen Ohio, LLC sold the Property to

Non-Party, Honor Worldside, LLC.

115.     However, in breach of the Agreement, Defendant, Rehab Queen Ohio, LLC has failed to

pay Plaintiffs the total of $40,000 to Plaintiff's financial detriment.

## COUNT VI
### Fraud
*Plaintiffs, Roodly Aime & Aime Enterprises, LLC v. Defendants, Greg Parker, Parker Properties Unlimited, LLC, Maybach Construction LLC, and John Does 1-10*

116.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

117.     Defendant, Greg Parker, acting in conjunction with Defendants, Parker Properties

Unlimited, LLC and Maybach Construction LLC, represented to Plaintiff, Roodly Aime that

---

[3]     Plaintiffs do not possess the fully-executed Agreement. Upon information and belief, Defendants possess a true and correct copy of the fully-executed Agreement, which reflects the same terms as Exhibit B.

Defendant, Greg Parker would sell a property from his exclusive list to Plaintiffs, Roodly Aime through Plaintiff, Aime Enterprises, LLC.

118.    On or about September 24, 2019, Plaintiff, Roodly Aime reasonably relied upon Defendant, Greg Parker's representation, paying Defendant, Maybach Construction LLC a down payment for the purchase of a property.

119.    Plaintiffs, Roodly Aime & Schaffer Enterprises, LLC reasonably and justifiably relied on the foregoing representation that Defendant, Greg Parker, acting in conjunction with Defendants, Parker Properties Unlimited, LLC and Maybach Construction LLC, that Defendants would lawfully sell a property to Plaintiffs.

120.    Plaintiffs, Roodly Aime & Schaffer Enterprises, LLC did not have any notice prior to and/or at the time of the payment that Defendants, Greg Parker, Parker Properties Unlimited, LLC and/or Maybach Construction LLC did not have ownership of a property or authority to sell a property to Plaintiffs.

121.    At all material times, Defendant, Greg Parker and Defendant, Parker Properties Unlimited, LLC lack of ownership of a property and lack of authority to sell a property were material facts to the transaction.

122.    As a result of the foregoing, Plaintiffs, Roodly Aime & Schaffer Enterprises, LLC have suffered significant financial harm, including the loss of the funds, incurred significant credit card interest, and lost profits; and damage to Plaintiffs, Roodly Aime's credit rating, as well the emotional distress caused thereby.

### COUNT VII
**Unjust Enrichment**
*Plaintiff, Roodly Aime v. All Defendants*

123.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

124.    Under the circumstances, it would be unjust for Defendants to retain the consideration

Plaintiffs paid to Defendants, for which Defendants knowingly retained under false pretenses.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Raymond Schaffer, Schaffer Enterprises LLC, and Roodly

Aime, by and through their undersigned counsel, respectfully request this Honorable Court enter

judgment in their favor and against Defendants, Greg Parker, Danielle Parker, G Parker

Unlimited LLC, Parker Properties Unlimited, LLC, Rehab Queen Ohio, LLC, and John Does 1-

10, individually and/or jointly and severally, in an amount well in excess of $75,000, including

all direct, compensatory, and consequential damages, plus statutory and punitive damages,

attorney fees and costs, and such other and further relief as this Honorable Court deems

necessary and just equitable and/or injunctive relief.

Respectfully Submitted,

**WEISBERG LAW**                                  **SCHAFKOPF LAW, LLC**

_/s/ Matthew B. Weisberg_                         _/s/ Gary Schafkopf_
Matthew B. Weisberg                               Gary Schafkopf
Attorney Id. No. 85570                            Attorney Id. No. 83362
L. Anthony DiJiacomo, III                         11 Bala Ave
Attorney Id. No. 321356                           Bala Cynwyd, PA 19004
7 South Morton Ave.                               610-664-5200 Ext 104
Morton, PA 19070                                  Fax: 888-283-1334
610-690-0801
Fax: 610-690-0880                                 _Attorneys for Plaintiffs_